DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court judgement entry that denied a Crim. R. 32.1 motion by Wesley Connor Vincent, defendant below and appellant herein, to withdraw his guilty pleas. Appellant assigns the following error for review:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEAS WHEN THE CRIMINAL RULE 11 COLLOQUY SUPPORTS APPELLANT'S CLAIM THAT HIS *Page 2 
GUILTY PLEAS RELIED ON AN AGREED SENTENCE."
 {¶ 2} In March 1990, appellant shot and killed his wife. The Ross County Grand Jury indicted him on a number of charges including, inter alia, aggravated murder, attempted aggravated burglary, failure to comply with the order of a police officer and two counts of felonious assault. Appellant pled not guilty to the offenses. In January 1991, appellant agreed to plead guilty and the terms of the plea agreement were memorialized in a petition calling for "Concurrent sentencing on Att. Agg. Burg. the 2 Fel. Assault chgs . . ."
 {¶ 3} At the January 25, 1991 hearing, appellee explained the terms of the plea agreement somewhat differently than what appeared in the written petition. Appellee agreed that concurrent sentences should be imposed on the two felonious assault charges, but those sentences should be served consecutively to the attempted aggravated burglary sentence. The hearing transcript reveals the following colloquy:
 "THE COURT: * * * I take it that you and [defense counsel] have discussed in great detail the specifics of the proposal which was just read into the record by [the prosecutor]. Is that correct?
 MR. VINCENT: Yes it is.
 THE COURT: Do you feel you understand all of that?
 MR. VINCENT: Yes, I do."
 {¶ 4} Several moments later, the trial court pointed to the discrepancy between the written petition to change plea and the discussion at the hearing:
 "THE COURT: Mr. Vincent, paragraph eight of your petition is that place where normally the plea and sentence negotiations in which you and your counsel have engaged with State's counsel are reduced to writing. *Page 3 
In point of fact, nothing like what we've just discussed, what [the prosecutor] has written into the record, is in writing in the blank space. You've already told me that you understand the State's position and what it will request the Court by way of sentencing and you've told me that you and [defense counsel] have discussed that and you fully understand that. Is that the bargain on which you rely in entering pleas of guilty to these charges?
 MR. VINCENT: Yes, it is."
 {¶ 5} The court sentenced appellant precisely as it discussed at the hearing-concurrent prison terms on the felonious assault charges to be served consecutively to the attempted aggravated burglary sentence. Appellant received a life sentence on the murder charge. No appeal was taken from that judgment.
 {¶ 6} Appellant commenced the present action on October 18, 2007 with a Crim. R. 32.1 motion to withdraw his guilty plea. Appellant argued that the trial court committed a manifest injustice in pronouncing a sentence pursuant to the terms discussed at the hearing rather than the terms contained in the written petition. The trial court denied appellant's petition and this appeal followed.
 {¶ 7} Before we consider the assignment of error, we first note that this is not the first time appellant has sought to withdraw his guilty pleas. See State v. Vincent (Jan. 28, 1993), Ross App. No. 92CA1894;State v. Vincent, Ross App. No. 02CA2654, 2003-Ohio-473; State v.Vincent, Ross App. No. 03CA2713, 2003-Ohio-3998. In the most recent of these three cases, we pointed out that further attempts to withdraw the guilty plea are barred by the doctrine res judicata. See 2003-Ohio-3998, at ¶¶ 11-12.
 {¶ 8} Moreover, even if we considered appellant's assignment of error on its *Page 4 
merits, we would affirm the trial court's judgment. The 1991 hearing transcript makes it clear that appellant was fully aware that a sentence different from the one contained in his written petition was actually recommended and could be imposed. Further, paragraph six in the written petition states "I also understand that if I plead `Guilty' to the charges against me, the Court may impose the same punishment as if I had plead `Not guilty' stood trial and had been convicted by a jury." In other words, appellant explicitly acknowledged that the trial court was not bound by the agreement's terms.
 {¶ 9} Obviously, appellant was aware that a sentence different from that set out in the written petition could be, and indeed, would be, imposed. We find no manifest injustice in denying appellant's motion to withdraw his guilty plea.
 {¶ 10} For all these reasons, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, P.J.: Concurs in Judgment Only
 McFarland, J.: Concurs in Judgment Opinion *Page 1